UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **INVESTAR BANK,** | |
| **NATIONAL ASSOCIATION** | **CIVIL ACTION** |
| | |
| **VERSUS** | **NO: 22-285** |
| | |
| **LANO PROPERTY HOLDING** | |
| **CO., LLC ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Summary Judgment (Doc. 25). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff Investar Bank, National Association initiated this civil action to collect unpaid debts and foreclose on property mortgaged by Defendants Lano Property Holding Company, LLC ("Lano") and River Palms Nursing & Rehab, LLC ("River Palms") after Lano defaulted on three promissory notes. Plaintiff filed this Motion for Summary Judgment seeking judgment in its favor and setting forth evidence of the promissory notes and several security instruments executed by Defendants. Defendants have not filed an opposition.

1

The Court may not, however, simply grant the instant Motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[1] Instead, the proper inquiry to an unopposed motion for summary judgment is to determine whether the facts advanced in the motion and supported by appropriate evidence make out a prima facie case that the movant is entitled to judgment.[2] Accordingly, the Court will consider Plaintiff's Motion.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[3]  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[4]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[5] "If the moving party meets the initial

---

[1] *See, e.g.,* Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford*,* 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.), 757 F.2d 698, 709 (5th Cir. 1985).

[2] *See* Adams v. Travelers Indem. Co. of Connecticut, 465 F.3d 156, 164 (5th Cir. 2006); Eversley v. MBank Dallas, 843 F.2d 172, 174 (5th Cir. 1988).

[3] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).

[4] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

[5] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).

burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[6] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[7] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[8] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[9] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[10]

## LAW AND ANALYSIS

Plaintiff presents evidence that Lano executed three promissory notes on June 24, 2021 through its member Bob G. Dean, Jr. in the amounts of $10,965,000.00, $968,000.00 and $3,067,000.00 respectively ("the Notes"). To provide security for the debts created by the Notes, Lano also executed a

---

[6] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[7] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[8] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[9] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[10] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

multiple indebtedness mortgage on a piece of immovable property at 5301 Tullis Drive, New Orleans, Louisiana, as well as a commercial security agreement granting Plaintiff a first-priority security interest in certain collateral described therein. Further, Defendant River Palms, through its member Bob G. Dean, Jr., executed two commercial security agreements granting a first-priority security interest in certain collateral described therein and a commercial guaranty, promising to pay all of Lano's obligations to Plaintiff. Thereafter, Defendants failed to make payments under the Notes in response to Defendants' October 1, 2021 demand letters, resulting in default under the terms of the Notes. In support of its Motion, Plaintiff has produced a copy of each of these agreements bearing Dean's signature, as well as an affidavit showing that Plaintiff is the holder of the Notes, the mortgage, the commercial security agreements, and the commercial guaranty and that Defendants have defaulted on their payment obligations therein.

"Under Louisiana law, '[w]hen signatures [on a promissory note] are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense.'"[11] Further, "[i]n an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings."[12] Here, Defendants have not established any defense. Further, their answer does not specifically deny the authenticity of the signatures on the Notes and security instruments at issue. Rather, Defendants'

---

[11] Bankers Tr. Co. of Cal., NA v. Boydell, 46 F. App'x 731 (5th Cir. 2002) (quoting Am. Bank v. Saxena, 553 So. 2d 836, 842 (La. 1989)).

[12] *Id.* (quoting LA. REV. STAT. § 10:3-308(a)).

answer states that the agreements are the best evidence of their terms and speak for themselves.[13] Accordingly, there is no genuine issue of material fact precluding summary judgment in favor of Plaintiff.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**. Plaintiff shall submit a proposed judgment to this Court within 7 days of this Order.

New Orleans, Louisiana this 4rd day of November, 2022.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[13] Doc. 8.